CO-947
Rev 10/86

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JIBREEL REID #11277-007/DCDC #256-560
USP BIG SANDY - POB 2068
INEZ, KY  41224

(Enter above, full name, prison number
and adress:)          Plaintiff, ET Al.

VS.

U.S. PAROLE COMMISSION, ET AL.
5550 FRIENDSHIP BLVD.
CHEVY CHASE, MAD  20815

EDWARD F. REILLY, JR, CHAIRMAN
U.S. PAROLE COMMISSION

ISAAC FULLWOOD, EXIAMER
P. DENTION, EXIAMER

JOHN DOE'S #1, #2, #3.

Case: 1:07-cv-00725
Assigned To : Friedman, Paul L.
Assign. Date : 04/23/2007
Description: Reid v. US Parole Commission, et al.,

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a complaint by a prisoner under the Civil Rights Act, 42 U.S.C. Section 1983

This packet contains one copy of a complaint form and one copy of a _forma paueris_ petition. To start an action, you must file an original and one copy for the Court and one copy for each defendant you name. For example, if you name two defendants, you must file the original and three copies of the complaint. You should also keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original.

The Clerk will not file your complaint if these instructions and these forms are not USED.

Your complaint must be clearly handwritten or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are all related to the same incident or problem.

RECEIVED
MAR 16 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

In order for this complaint to be filed, it must be accompanied by the filing fee of $150.00. In addition, you must serve a copy of the complaint on each of the defendants in any of the ways provided for in Rule 4, Federal Rules of Civil Procedure.

If you are unable to pay the filing fee and service costs for this action, you may petition the Court to proceed in forma purperis. One blank petition for this purpose is included in this packet. This petition should be filed with your complaint.

The law requires that you state only facts in your complaint. COMPLAINTS CONTAINING LEGAL ARGUMENTS OR CITATIONS WILL NOT BE FILED.

When these forms are completed, maile the original and the required copies to the Clerk of the United States District Court for the District of Columbia, Third Street and Constitution Ave., N.W., Room 1825, Washington, D.C. 20001.

## I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes (X)    No ( )

B. Have you begun other lawsuits in state or federal court drelating to your imprisonment?   Yes (X)    No ( )

C. If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

  1. Parties to this previous lawsuit.

     Plaintiffs: Jibreel Reid #11277-007/ DCDC # 256-560

     Defendants: US Parole Commission; Edward F. Reily, Jr. Chairman Isaac Fullwood,; John Doe's #1 #2 and #3

  2. Court (If federal court, name the district; if state court, name the County):
     U.S. Districg Court for Ky  Pikeville

  3. Docket number:    7:06-CV-232-GFVT

  4. Name of judge to whom case was assigned;    U.S Dist. Judge G. F. Van Tatenhove

  5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?  Request dismissal by Plaintiff.

  6. Approximate date of filing lawsuit;    October 26, 2006

  7. Approximate date of disposition:    N/A

(3)

II. **PLACE OF PRESENT CONFINDMENT:** USP- Big Sandy, P.O. Box 2068
Inez, KY. 41224

A. Is there a prisoner grievance procedure in this institution? Yes(x)  No ( )
If your answer is Yes, go to Question II B, C and D and go to Question II E.

B. Did you present the facts relating to your complaint in the prisoner grievance procedure   Yes ( )   No (x)

C. If your answer is Yes to Question II B

1. To whom and when did you complain? _____N/A_____

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.) _____N/A_____

3. What, if any response, did you receive? (Furnish copy of response if in writing). _____N/A_____

4. What happened as a result of your complaint? _____N/A_____

D. If your answer is no to Question II B, explain why not. D.C. prisoners can not appeal a parole decision to anyone

E. If there is no prison grievance procedure in the institution, did you complain to prison authoritiess?  Yes ( )   No (xx)

F. If your answer is Yes to Question II E,

1. To whom and when did you complain? _____N/A_____

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one). _____N/A_____

3. What, if any response, did you receive? (Furnish copy of response if in writing. _____N/A_____

4. What happened as a result of your complaint? _____N/A_____

## III. PARTIES

(In item A below, place your name and prison number in the first blank and place your present address in the second blank, Do the same for additional plaintiff, if any).

A. Name of Plaintiff: U.S. Parole Commision
   Address: 5550 FRIENDSHIP BLVD.
   CHEVY, CHASE, MD. 20815

B. Defendant: P. Denton
   Address: 5550 Friendship Blvd.,
   Chevy Chase, MD. 20815

   Defendant: Isaac Fullwood
   Adress: 5550 Friendship Blvd.,
   Chevy Chase, MD 20815

   Defendant: John Doe's #1, #2 and #3
   Adress: 5550 Friendship Blvd.,
   Chevy Chase, MD. 20815

   Defendant:
   Address:

   Defendant:
   Address:

   Defendant:
   Address:

   Defendant:
   Address:

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases, or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets if Necessary.) Extra pages maybe added, lable them "IV. STATEMENT OF CLAIM CONTINUED."

This suit is brought to the parole board for violations of the plaintiff's constitutional rights.

Continue on page #5

## STATEMENT OF CLAIM

This action is the result of Jibreel Reid being denied parole twice by the U.S. Parole Commission and the violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Due Process Clause.

## JURISDICTION

(1) This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1367, 1331 and 1343 et al. This proceeding is against the U.S. Parole Commission and a number of its employees under a section 1983 action because they are acting under the color of the D.C. Code State Law (via an act of the U.S. Congress) and as such, can be sued like other state defendants. Venue is believed to be conferred under 28 U.S.C. 1391(e), 42 U.S.C. 2000 cc-1 (R.L.U.I.P.A.) and the U.S. Constitution Article I Section (9) Clause (3) Section (10) Clause (1).

(2) Plaintiff is a D.C. Code offender serving a non-mandatory 15 years to life. He has served 15 years of the said sentence. Plaintiff is now domiciled at U.S.P Big Sandy, P.O. Box 2068, Inez, KY 41224, which is a facility of the Bureau of Prisons. At all times relevant to this action, Plaintiff has been incarcerated at this address.

(3) This complaint is in reference to the denial of parole twice and the giving of two ceremonial reconsideration of three (3) years each.

(4) Plaintiff contends that examiner "John Doe #3" recommended a three (3) year hit and was joined by three (3) others who co-signed Plaintiff's denial for parole.

(5) Examiner John Doe #3, gave Plaintiff no months for Superior Programming where he was well aware that Plaintiff had completed and received a total of 19 certificates which should have gone toward him reaping the benefits of the Superior Programming Rewards.

1

(6) Plaintiff contends that the parole board and/or members has conspired to deny Plaintiff parole and continue to function as an abolished agency by giving unjust parole "reconsideration dates." Plaintiff contends this is a factual in nature as demonstrated by examiner John Doe and examiner Mr. Hayworth. John Doe who was the first parole examiner Plaintiff saw in U.S.P. Leavenworth, Kansas, was aware of his Superior Programming Achievements, but elected to award no months and recommended a three (3) year reconsideration date. Examiner #2, Mr. Hayworth gave Plaintiff 13 months for superior Programming and recommended parole to be granted, however, the co-signers voted against parole and Plaintiff has been given another three (3) year hit.

(7) The examiner and co-signer Commissioner made a number of errors and mistakes in their appraisal of Plaintiff's salient factor score (SFS). Plaintiff was given points for recent commitment prior to the commencement of the current offense which is untrue.

(8) Plaintiff contends that the parole board, members or agents has conspired to deny him his due process of the law and punish him beyond the judicial powers of the sentencing court, by using a system to prolong his original sentence and continue to function as an abolished agency. During Plaintiff's first parole hearing held by examiner "John Doe", the reasons for the denial of parole was based on his Salient Factor Score, Base Point Score, Base Point Guideline Range, disciplinary Guidelines, Months to serve to parole eligibility date; and, Superior Program Award. At the time of his hearing, he had a total of 19 certificates and was not given anything for Superior Programming. As a result of that parole hearing, he received a three (3) year reconsideration date. This parole hearing was held on July 9, 2002. After serving 38 months of the 36 month reconsideration date, Plaintiff saw the parole board on September 14, 2005. The

2

examiner of record for the reconsideration parole hearing was Mr. Robert Hayworth. Mr. Hayworth recommended parole, but the co-signers voted against parole and went outside of the guidelines. As previously stated, the parole commission has taken on the authority of the sentencing court and has used inaccurate information to go outside of the guidelines where they stayed within during my first hearing. With my deepest respect for the victim, he was not a community activist as the parole board claimed and court records and transcripts will prove also that drugs were never mentioned during the trial. The usage of misinformation by the commission only demonstrates their willingness to use anything to circumvent the law to stay in business. Even though the Base Point Score (used in recommending parole) gave Plaintiff a 7-6 "Good Risk", Plaintiff was given another three (3) year hit.

(9) D.C. Parole decisions are non-appeal able and there is no exhaustion of administrational remedy in the prison or the U.S. Department of Justice concerning the U.S. parole Commission. The U.S. Parole Commission is autonomous from the D.C. Department of Corrections, Bureau of Prisons or the U.S. Justice Department. They answer only to the Congressional Judiciary Oversight Committee and the United States Courts.

(10) Plaintiff seeks damages, injunctive relief and declaratory judgment where necessary to protect his rights against the violative actions of the U.S. Parole commission under the Fifth and Fourteenth Amendments of the United States Constitution and provisions of 42 U.S.C. Section 1983, 42 U.S.C. z 2000 cc - 1, R.L.U.I.P.A., 28 U.S.C. 1331, 1343(3)(4), 1367, etc., including equal protection from harassment and freedom of discrimination.

## FACTUAL ALLEGATIONS

Parties To The Suit:

3

(11) <u>Plaintiff:</u> Jibreel Reid is serving a non-mandatory 15 to life sentence handed down by Judge George Mitchell. This sentence was the result of his conviction for Second Degree Murder.

(12) <u>Defendant:</u> U.S. Parole Commission ("Commission"). The Commission is an independent agency of the U.S. Department of Justice. Because of Congress passing of the 1997 National Capital Revitalization Act, it empowered the Commission to hear District of Columbia code offenders under the Old and New laws. The Commissions decisions on D.C. Code offenders according to its Notice of Action, "THE ABOVE DECISION IS NOT APPEAL ABLE." However, the Commission is responsible for its actions, rules, regulations and policies that does harm or good to a citizen/person. It is believed that the use of supplemental jurisdiction makes this agency sue able because the Commission Acts under the Color of D.C. law.

(13) <u>Defendant:</u> Edward F. Reilly, Jr., is the Chairman of the U.S. parole Commission. He serves as the chief policy-maker for the District of Columbia Parole Board and the Federal U.S. Parole Commission. He is an employee of the U.S. Department of Justice although the U.S. Parole Commission is an autonomous-wing of the Justice Department, he is responsible for conforming the 1985 D.C. Board of Parole Guidelines. Said 1985 D.C. Guidelines were not used in Plaintiff's parole hearing on July 9th, 2002 and September 14th, 2005. At all times relevant to this complaint, he has served in the capacity of Parole Commissioner and his roll in this matter remains to be seen.

(14) <u>Defendant:</u> Isaac Fullwood an employee of the Commission and acts on its behalf as a U.S. Parole Examiner. He administers the Commissions rules, policies and regulations as they apply to D.C. Code offenders. (September 14, 2005).

(15) <u>Defendant:</u>  P. Denton is the Commissions Executive Reviewer and co-signer to deny the Plaintiff parole.  He reviews files for the parole hearings, detainers, revocation hearings and other duties.  (September 14, 2005).

(16) <u>Defendant:</u>  John Doe #1 works within the parole board as a decision maker to grant or deny parole.  He also is a co-signer to deny Plaintiff parole of September 14, 2005.

(17) <u>Defendant:</u>  John Doe #2 works within the parole board as a decision maker to grant or deny parole.  He also is a co-signer to deny Plaintiff parole of September 14, 2005.

(18) <u>Defendant:</u>  John Doe #3 is the examiner Plaintiff saw in Leavenworth, KS and works within the parole board as a decision maker to grant or deny parole.  He also is a co-signer to deny Plaintiff parole of July 9th, 2002.

## DOUBLE COUNTING

(19) The D.C. Board of Parole guidelines (now defunct) and the U.S. Parole Commission in clear contravention of a solid wall of circuit authority has for years engaged in impermissible double-counting and enhancement elements.  This improper practice is a tool used in determining the Salient Factor Score (SFS098).  Item (A) ask for "Prior convictions/Adjudications (Adult and Juvenile)", Plaintiff was scored with a three (3).  Item (B) asked for "Prior Commitment(s) of more than 30 days (Adult and Juvenile)", this time, Plaintiff was scored a two (2).  However, both "A and B" ask basically the same question and require the same information.  By this trickery, the total is without doubt accumulative.

(20) The Base Point Score (BPS) of double-counting works the same way, however, points are added from the Salient Factor Score (SFS), which in this case is "3" points-Item (A).

5

This clever sophisticated system of double-counting is apparent if scrutiny is applied. Category II. - Current or Prior Violence, Plaintiff was given "4" points. Category III. - Death of Victim or High Level Violence (Type of Violence), "3" points were added totaling "7" points for the Base Point Score. By using both the SFS and BPS, it creates the Base point Score Guideline. Accordingly, the low Base Point Score Guideline Range of 36 months are added to the parole eligibility date of 122 months. And 12 months is then added to disciplinary guidelines purposes with 13 months being subtracted for Superior Programming. Once all this is added up, the Plaintiff's guideline range is 157 months. The high range of the Base Point Score Guideline Range is now 177 months, plus the 122 months, adding 20 months under the disciplinary guideline and 13 months subtracted for Superior Programming totaling a high guideline range of 177 months. It appears very obvious that Plaintiff would have a very difficult time making parole under this structure. He would have to do the first reconsideration of three (3) years and one of the same nature and then a shorter reconsideration just to meet the low range of the guideline.

(21) The Commission continues to reject the statutory and legislative of Congress enabling strict parole policies baring the imposition of such arbitrary and capricious actions that fail to provide fair and unbiased parole hearings.

(22) The Commission is an independent agency of the U.s. Department of Justice, functioning as its parent, the parent has publicly denounced rehabilitation as unworkable. The D.C. Code insist on rehabilitation as a major element to make parole. The Commission has adopted its parents' belief that rehabilitation does not work. Plaintiff's examiner John Doe #3 did not recognize any of the Superior Programming he engaged in, whereas, examiner Hayworth did,

6

which totaled 46 certificates.

(23) Plaintiff contends that in 1992, the sentence for murder II, a non-mandatory 15 to life. On September 14, 1005, at Plaintiff's second parole hearing, the sentence for murder in D.C. is 60 years to life. The examiner and all the co-signers who denied Plaintiff parole appeared to share the same attitude of punishment as opposed to rehabilitation. Plaintiff was sentenced to a lengthily period of time (15 years to life non-mandatory sentence) by Judge Mitchell, with the hope of correcting my behavior, obtaining educational skills and other vocational training that would benefit him in becoming a productive citizen upon his release. Punishment was not the main objective as the Commission now seems to think.

(24) Plaintiff contends that the Commission relies very heavily on its brother, the Bureau of Prisons to provide it with information on everyone that comes before the parole board. The examiner was quick to pounce on the three (3) disciplinaries Plaintiff had gotten. Examiner John Doe #3 refused to even examine any documents concerning Plaintiff's rehabilitation or involvement in the BOP's prized "C.O.D.E" program, but also the 46 certificates he had gained. In the case at bar, in both hearings disciplinary infractions were used against him as factors for denying and granting parole, however, only one examiner would acknowledge any rehabilitative efforts by the Plaintiff. Such practices by various parole examiners is typical of the hurdles placed upon D.C. Code offenders. Catch-22 is an under-statement to their actions.

(25) The Commission used guidelines adopted and promulgated in 2000 to conform the D.C. Guidelines to reflect the federal parole Commission standards. The retroactive application of these new harsher guidelines, opposed to those used in 1992, violates the Constitutions Ex Post Facto and Due Process Clauses, as applied to Plaintiff when he saw the examiner. Plaintiff

7

requests a Federal Declaration Order moving the U.S. Parole Commission to give him a new hearing in accordance with the statutory laws and administrative rules that were in place in 1992.

(26) The Commission's policy of having one examiner make a recommendation and then having a second, third, and in my case a fourth violates the due process clause especially since three (3) of the co-signer have not even met with the Plaintiff. What was their decision predicated on?

(27) The official policy for D.C. Code offenders is "Decision Is Not Appeal able", while federal prisoners do.

(28) Their decisions can be appealed to the U.S. Attorney's Office. Although D.C. Code offenders are directly sentenced to the same U.S. Attorney we are discriminated by the Commissions policy.

(29) The policy of one (1) examiner to hear the application for parole is unconstitutional because of the "Ex Post Facto". If one vote for parole, the examiner against parole then a third-party is required to settle the disagreement although the second and third parties never attended the parole hearing.

## DEFENDANTS' ERRORS AND WRONG DOINGS

A. Violations of 42 U.S.C. 1983:

(30) Plaintiff repeats and reallege paragraphs 1 through 29 as in fully set forth herein.

(31) Defendants knowingly, intentionally and through deliberate indifference conspired to deny this Plaintiff of his Fifth and Fourteenth Amendments to the U.S. Constitution.

(32) The Defendants in their individual and official capacities acted under Color of District of Columbia laws and regulations.

(33) Defendants acting under Color of District of Columbia laws and regulations maintained and executed policies, practices and customs that denied Plaintiff due process.

(34) Defendants acting under Color of District of Columbia laws and regulations thumbed their noses at Plaintiff's rehabilitative accomplishments that statutorily were mandated under D.C. Codes, in violation of my Fifth, Fourteenth and Due Process rights afforded by the U.S. Constitution.

(35) Defendants acting under Color of District of Columbia laws and regulations did not maintain a position of neutrality. By not using the D.C. Board of Parole Guidelines and Policies that were in use in 1992, they discriminated against Plaintiff. Instead of using the proper guidelines, the Commission elected to use the revised harsher 2000 guidelines which fostered an excessive entanglement of Plaintiff and the Ex Post Facto laws, further violating Due Process and the Fifth and fourteenth Amendments to the U.S. Constitution.

(36) Defendants actions were not reasonably related to any legitimate penal or custodial purpose other than to ensure the Plaintiff continue to serve much more of his sentence which is not required by the 1992 guidelines, but is by the revised 2000 D.C. Code edition. This is part of the Commissions unwritten policy and mind set.

(37) Defendants acting under Color of District of Columbia laws and regulations discriminated against Plaintiff by not providing him a fair and impartial parole hearing guaranteed by the U.S. Constitution and D.C. laws.

(38) Defendants iniquitousness is the result of evil motives, intent, callous disregard and indifference to Plaintiff's record of clear conduct and pattern of rehabilitative programming in direct violation of the statutory D.C. Code of rehabilitation.

9

(39) As a direct and proximate result of Defendants violations and errors, Plaintiff have suffered injuries which include but are not limited to, mental depression and deprivation of contact with various close family members who are now deceased.

B. Violation Of 42 U.S.C. 2000 cc-1 (R.L.I.P.A.):

(40) Plaintiff repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

(41) Plaintiff has been under the illusion for the past 14 years that rehabilitation was and is a vital component toward making parole. However, the Defendants in their official capacities believe in harsh punishment and no rehabilitation.

(42) Defendants intentionally and with deliberate indifference substantially burdened Plaintiff by using the 2000 revised D.C. Parole Guidelines instead of the "Old Law" 1992 D.C. Parole Guidelines that were in place when he was arrested, convicted and sentenced under. By doing so, they violated the Ex Post Facto Clause and my rights under (R.L.I.P.A.).

(43) Defendants acting under Color of District of Columbia laws and regulations knowingly and wilfully executed policies, practices and customs that burdened Plaintiff's parole hearing with erroneous information concerning the victim and Plaintiff as a community neighborhood drug dealer.

(44) Defendants acting under Color of District of Columbia laws and regulations totally disregarded factual information that was favorable to him and refused to use the parole guidelines of 1992 in violation of my rights to Due Process, R.L.I.P.A. and the Ex Post Facto to the U.S. Constitution.

(45) Defendants' actions were not taken in furtherance of compelling governmental interest, but rather as a tool to "punish" Plaintiff with present ceremonial reconsideration and

more of the same in the future. Said actions has deprived Plaintiff of a unbias and just parole hearing under R.L.I.P.A., Due Process and the Ex Post Facto Clause to the U.S. Constitution.

(46) Defendants actions were not taken in furtherance of any compelling governmental interest nor were their actions in the least restrictive means of furthering any compelling governmental interest.

(47) As a direct and proximate result of said violations by Defendants, Plaintiff suffered and continues to suffer injuries which include but are not limited to, headaches, depression, anxiety, mental stress and deprivation of family. Because of the gross disregard for the laws and regulations which the Defendants twist or circumvent, this abolished agency by Congress finds life to live by constantly violating their own rules, regulations and policies of their and the D.C. "Old Law".

C. Violation of the Ex Post Facto:

(48) Plaintiff states and realleges paragraphs 1 through 47 as if fully set forth herein.

(49) Defendants acts and omissions proving and providing a suitable, fair, unbias and just hearing is in violation of the Ex Post Facto Clause of the U.S. Constitution.

(50) Defendants acts and omissions concerning the use of the Commissions revised D.C. Parole Guidelines promulgated in 2000 opposed to the less restrictive D.C. Guidelines used in 1992 violates the Ex Post Facto Clause of the U.S. Constitution.

(51) The Plaintiff contends that examiner John doe #3 was totally indifferent when presented with Plaintiff achievements concerning Superior Programming. When the subject of rehabilitation came up he simply stated, that's not why we are here. Thus, Plaintiff received his first three (3) year ceremonial reconsideration date.

(52) The Defendants acts and omissions with respect to criminal case is false and inaccurate. The summary used to justify going outside the guidelines were never used during his first parole hearing. In its summary, the victim is a community activist and the Plaintiff is a neighborhood drug dealer. Neither of these are true and both are unsubstantiated, which court documents support as false.

(53) The Defendants acts and omissions pertaining to the double-counting on its S.F.S. and B.P.S. violates the due process clause and the Ex Post Facto Clause to the U.S. Constitution.

(54) That as a direct and proximate result of said violations by Defendants, individually and collectively has caused Plaintiff much pain and suffering. This suffering only increased after the death of a very close cousin.

### IV. STATEMENT OF CLAIM CONTINUED

(55) The Commission and all named Defendants are being sued in their individual and official capacities under Color of D.C. Laws and regulations.

(56) Plaintiff does not have to exhaust any administrative remedies because there is none to exhaust. The Commission does not allow any appeals of their decisions. Only the Congressional judicial Oversight Committee and the Courts have power over the U.S. Parole Commission.

### V. RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants individually and collectively as follows:

(A) Compensatory damages in the amount of Ten Million Dollars ($10,000,000.00).

(B) Punitive damages in the amount of Five Million Dollars ($5,000,000.00).

12

(C) Any further parole hearing conducted under the 1992 "Old Law" guidelines and regulations.

(D) Injunctive Relief or Court Order against harassment, intimidation and discrimination in any future parole hearings.

(E) For reasonable expenses incurred in this suit, attorney fees and costs.

(F) Any other relief this Court deems and determined just and proper.


Respectfully submitted,

/s/ Jibreel Reid
Jibreel Reid


Pursuant to 18 U.S.C. 1746, I, Jibreel Reid declare under penalty of perjury that the foregoing is true and correct. Signed this __12th__ day of __March__, 2007.


/s/ Jibreel Reid
Jibreel Reid
U.S. Penitentiary Big Sandy
P.O. Box 2068
Inez, KY 41224

13

## CERTIFICATE OF SERVICE

I, Jibreel Reid., hereby certify that a copy of the foregoing, "42 U.S.C. Section 1983", was mailed postage pre-paid to: U.S. Attorney Office, Judiciary Center, 555 Fourth Street, N.W., Washington, D.C. 20001, on this 12th day of March, 2007.

_____
Jibreel Reid
Reg. No. 11277-007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
JIBREEL REID

## DEFENDANTS
USPC, ET AL

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
# 256-560

Case: 1:07-cv-00725
Assigned To : Friedman, Paul L.
Assign. Date : 04/23/2007
Description: Reid v. US Parole Commission, et al.,

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983 - Civil Rights Violation

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint  JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _NCD_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



Forms\js-44.wpd